S05Y0620. IN THE MATTER OF DANIEL HORTON BYARS.
(612 SE2d 784)

PER CURIAM.

This matter is before the Court on the Notice of Discipline filed by the State Bar against Respondent Daniel Horton Byars, in which it alleges that Byars violated Rules 1.3 and 1.4 of the Georgia Rules

of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.3 is disbarment, which is what the State Bar recommends as the appropriate level of discipline in this case. After its attempts to serve Byars personally were unsuccessful, the State Bar served Byars by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii). Byars did not reject the Notice of Discipline within 30 days as required by Bar Rule 4-208.3 (a) and, therefore, he is in default, has no right to an evidentiary hearing, and is subject to discipline by this Court. This Court issued an order of interim suspension on October 1, 2004 and Byars remains suspended.

The facts, as admitted by Byars' default, show that a client retained Byars in August 2003 in connection with the suspension of her driver's license due to a speeding infraction, and paid Byars $500. Although the client attempted to call Byars 35 times between August and November 2003, she reached him only once and he did not return any of her other calls or requests for information. In November 2003, Byars told the client that her case "was not going anywhere" and that he could not help her further. When the client pressed for information about what Byars had done in the case, he was unable to support his response that he had spoken to the police and the court, and Byars did not return the $500. Although Byars did not communicate with the State Bar after his initial response to the grievance his client filed, the Bar received two letters from Dr. Han, whose letterhead indicates that he is a psychiatrist practicing in Virginia, in which he advised that Byars has been under his care since March 9, 2004 and that Byars would be able to resume his normal duties on or before June 30, 2004.

This is not Byars' first disciplinary matter. He was suspended from practice indefinitely in 1980, see *In the Matter of Byars*, 245 Ga. 830 (268 SE2d 155) (1980) for misappropriating funds in a fiduciary capacity due to an addiction to alcohol. Byars was reinstated to practice in April 2003, only a few months before the current infraction. In light of the facts that the State Bar is unable to locate Byars because he has not provided it with his current contact information; that he has had other discipline imposed; and that he was readmitted to practice only a short while before this matter arose, we agree with the State Bar that disbarment is the appropriate discipline in this matter. Accordingly, the name of Daniel Horton Byars hereby is removed from the rolls of attorneys licensed to practice law in the State of Georgia. To the extent he has not already complied, Byars is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 26, 2005.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.